# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- X

| | |
|---|---|
| HEALTH CARE NAVIGATOR, LLC, | : Index No.: |
| | : Date Purchased: |
| Plaintiff, | : |
| | : Plaintiff designates New York County as the |
| -against- | : place of trial |
| | : |
| QUINTAIROS, PRIETO, WOOD & BOYER, P.A., | : **SUMMONS** |
| | : |
| Defendant. | : The basis for venue is Defendant's principal |
| | : place of business: 233 Broadway, Suite 2120, |
| | : New York, New York 10279 |

------------------------------------------------------- X

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and upon your failure to answer, judgment will be taken against you for by default for the relief demanded in the complaint.

Dated: New York, New York
March 2, 2022

                                                        **KASOWITZ BENSON TORRES LLP**

                                                        By: /s/ Joshua A. Siegel
                                                             Joshua A. Siegel
                                                              jsiegel@kasowitz.com
                                                              Jonah M. Block
                                                               jmblock@kasowitz.com

                                                         1633 Broadway
                                                         New York, New York 10019
                                                         (212) 506-1700

                                                        *Attorneys for Plaintiff Health Care Navigator, LLC*

TO:     Quintairos, Prieto, Wood & Boyer, P.A.
           233 Broadway, Suite 2120,
           New York, New York 10279

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- X
HEALTH CARE NAVIGATOR, LLC,

            Plaintiff,

   -against-

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.,

            Defendant.

------------------------------------------------------- X

Index No. _____

**COMPLAINT**

Plaintiff Health Care Navigator, LLC ("Plaintiff"), by and through its attorneys, Kasowitz Benson Torres LLP, as and for its Complaint against defendant Quintairos, Prieto, Wood & Boyer, P.A. ("Defendant"), hereby alleges the following:

**SUMMARY OF THE ACTION**

1. By this action, Plaintiff seeks a declaratory judgment that it has no payment obligation to Defendant for legal fees incurred by Plaintiff's affiliate, Gulf Coast Health Care, LLC ("Gulf Coast" or "Debtor"). In late 2021, Gulf Coast filed bankruptcy, but Defendant, apparently dissatisfied with its status as an unsecured creditor, resorted to bullying tactics and outrageous threats in a blatantly extortionate attempt to compel Plaintiff to pay Gulf Coast's alleged unpaid legal fees outside of the bankruptcy.

2. The applicable retention agreement is crystal clear. Defendant was retained to represent Gulf Coast, together with "its subsidiaries, and persons named in litigation for which Gulf Coast assumes responsibility to defend." Accordingly, there is no serious dispute that Defendant's ability to collect its unpaid legal fees is limited to its recovery from Debtor in bankruptcy.

3. However, Defendant's disturbing threats – including to divulge privileged and confidential information, file lawsuits against all of Plaintiff's employees <u>personally,</u> and even to damage the career of Plaintiff's deputy general counsel – have now escalated to the point that Plaintiff was left with no choice but to file this declaratory judgment action for a judicial determination that Gulf Coast is solely liable for the alleged unpaid legal fees at issue here.

## THE PARTIES

4. Plaintiff Health Care Navigator, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 2 Bridge Street, Suite 210, Irvington, New York 10533.

5. Defendant Quintairos, Prieto, Wood & Boyer, P.A. is a law firm and professional association organized under the laws of the State of Florida, with an office located at 9300 S. Dadeland Boulevard, Miami Florida 33156. Defendant also maintains an office located at 233 Broadway, Suite 2120, New York, New York 10279, which is Defendant's principal office located in the State of New York.

6. Non-party Gulf Coast Health Care, LLC is a limited liability corporation organized under the laws of the State of Delaware, with a principal place of business located at 9511 Holsberry Lane, Suite B11, Pensacola, Florida 32502. Gulf Coast is an affiliate of Plaintiff.

## JURISDICTION AND VENUE

7. Personal jurisdiction over Defendant is proper pursuant to CPLR §§ 301 and 302 because Defendant maintains an office in the State of New York and regularly conducts business in New York.

8. Venue is proper in New York County pursuant to CPLR § 503 in that at least one party resides in this county.

## FACTUAL BACKGROUND

### A. The Retention Agreement

9. Pursuant to a written retainer agreement dated as of December 19, 2012 (the "Retention Agreement"), Gulf Coast engaged Defendant to perform legal services on its behalf, as well as on behalf of "**its subsidiaries, and persons named in litigation for which Gulf Coast assumes responsibility to defend**." (Emphasis in original).

10. The Retention Agreement's subject line made clear the agreement specifically concerned the "Representation of Gulf Coast Health Care, LLC."

11. The Retention Agreement contemplated Defendant's representation of parties other than Gulf Coast, but it did not include or provide for a payment obligation by any party other than Gulf Coast.

### B. The Gulf Coast Bankruptcy and Defendant's Invoicing Practices

12. On October 14, 2021, Gulf Coast filed a voluntary petition for bankruptcy in the United States Bankruptcy Court of the District of Delaware (the "Bankruptcy Court"), under caption *In re Gulf Coast Health Care, LLC*, No. 21-11336 (the "Bankruptcy Case").

13. The Bankruptcy Case is currently pending.

14. As of Debtor's bankruptcy filing, Defendant had issued invoices totaling approximately $628,000 for unpaid legal fees and disbursements incurred pursuant to the Retention Agreement.

15. Despite being aware that Debtor had filed for bankruptcy protection, Defendant neglected to file a proof of claim with the Bankruptcy Court.

16.     Debtor, however, in its own bankruptcy filings, identified Defendant as an unsecured creditor, thereby preserving Defendants' claim for its unpaid legal fees in the Bankruptcy Case.

17.     For the many years prior to Debtor's bankruptcy filing, Defendants' invoices for its legal services and disbursements were issued to Gulf Coast and paid by Gulf Coast.

18.     Pursuant to the Retention Agreement, Gulf Coast was and is the sole payment obligor for the unpaid fees allegedly due to Defendant. Plaintiff provided certain administrative services on behalf of Gulf Coast, including, but not limited to, facilitation of payment requests by outside counsel such as Defendant.

**C.      Defendant's Improper Threats**

19.     Frustrated by its apparent inability to collect the full amount of its unpaid legal fees from Debtor, beginning in or about December 2021, Eric Boyer ("Boyer"), an attorney and one of Defendant's principals, made misguided, wildly improper and potentially sanctionable threats to Plaintiff and its employees.

20.     For example, on February 15, 2022, Boyer wrongly threatened to "sue [Plaintiff] and all individuals employed by [Plaintiff], and any upstream entity or trust." Boyer also wrongly threatened "to file motions to freeze assets of [Plaintiff]."

21.     On February 25, 2022, Boyer continued his harassment, but this time his threats were directed personally to Plaintiff's Deputy General Counsel. Boyer wrote that Defendant hoped not to be "forced to put [Deputy General Counsel] in a position that could damage his career in the future."

22.     Boyer's thinly veiled threat was as unmistakably clear as it was grossly improper.

23. Boyer's harassment reached new heights of impropriety on February 26, 2022. In yet another particularly unhinged email, Boyer claimed that Jim Morrison, the partner at Defendant's law firm directly responsible for Gulf Coast's representation, "was privy to how everything worked behind the curtain." Further, and most troublingly, Boyer threatened to reveal protected confidential information if Defendant's fees were not paid: "Please understand that in a suit for nonpayment the attorney client privilege is waived to the extent needed to prove our case."

24. Plaintiff has repeatedly attempted to explain to Defendant that payment of the unpaid legal fees is limited to a recovery from the Debtor in bankruptcy. In fact, if not for Debtor's own bankruptcy filings that acknowledged this debt, Defendant's claim against the Debtor would not have been preserved and its fees would be wholly uncollectible.

25. Plaintiff also offered to assist Defendant in asserting a bankruptcy claim against Debtor. Yet, Defendant has rebuffed Plaintiff's good faith efforts and continues to make improper and outrageous threats, including to divulge protected confidential information and to file actions against Plaintiff and its employees without basis in law or fact.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

26. Plaintiff repeats and realleges all of the foregoing allegations as if fully set forth herein.

27. The Retention Agreement is a valid and enforceable contract between Defendant and Debtor.

28. The Retention Agreement does not obligate Plaintiff to pay Defendant for legal fees incurred by Debtor.

29. By demanding payment of its unpaid legal fees from Plaintiff when none are legally owed, and threatening to sue "all individuals employed by [Plaintiff]," with the concomitant threat of divulging protected confidential information, Defendant has created a justiciable controversy.

30. Accordingly, Plaintiff seeks a judicial declaration to protect itself, its employees and its confidential information from serious and irreparable harm.

31. A justiciable controversy therefore exists between the parties with respect to whether Plaintiff is liable to Defendant for legal fees incurred by Debtor and pursuant to the Retention Agreement.

32. By reason of the foregoing, Plaintiff is entitled to a judicial declaration that it has no liability to Defendant for legal fees incurred by Debtor.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

(a) An order declaring that Plaintiff has no liability to Defendant for its unpaid legal fees, together with an award of costs and attorney's fees; and

(b) For such other legal and equitable relief as the Court may deem Plaintiff is entitled to receive.

Dated: New York, New York
      March 2, 2022

KASOWITZ BENSON TORRES LLP

By: */s/* Joshua A. Siegel
    Joshua A. Siegel
    jsiegel@kasowitz.com
    Jonah M. Block
    jmblock@kasowitz.com

    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF WESTCHESTER    )

ERIC ROTH, being duly sworn, states as follows:

I am President of Plaintiff Health Care Navigator, LLC in the within action. I have read the foregoing Complaint and know the contents thereof, and the same is true to my own knowledge, except as to those mattes alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Eric Roth

Sworn to before me this 2nd
Day of March, 2022

_____
Notary Public

KIMBERLY RUGGIERO
Notary Public, State of New York
Registration #01RU6307918
Qualified in Putnam County
Commission Expires July 14, 2022