```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

HEALTH CARE NAVIGATOR, LLC,

                      Plaintiff,

                 - against -

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

                      Defendant.

---------------------------------------X
```

**MEMORANDUM AND ORDER**

22 Civ. 2411 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This memorandum and order addresses plaintiff Health Care Navigator, LLC's ("Health Care Navigator" or "plaintiff") request to remand this action to New York State Supreme Court, New York County.  Plaintiff seeks a declaratory judgment that it is not obligated to pay defendant Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB" or "defendant") legal fees incurred by plaintiff's affiliate, Gulf Coast Health Care, LLC ("Gulf Coast").  Plaintiff also seeks attorneys' fees and costs incurred as a result of the removal.  For the reasons set forth below, we grant plaintiff's motion to remand and deny plaintiff's request for attorneys' fees and costs.

BACKGROUND

**A. Factual Background**

Plaintiff is a limited liability company incorporated in Delaware with its principal place of business in New York.  Compl.,

1

¶ 4, ECF 1-1.  Defendant is a law firm and professional association incorporated in Florida with its principal place of business in Florida.  Compl. ¶ 5; ECF 1 ¶ 12.  Plaintiff's affiliate, Gulf Coast, is a limited liability corporation incorporated in Delaware with its principal place of business in Florida.  Compl. ¶ 6.

In 2012, Gulf Coast allegedly retained defendant to perform legal services on behalf of itself, "its subsidiaries, and persons named in litigation for which Gulf Coast assumes responsibility to defend."  Compl. ¶ 9.  On October 14, 2021, Gulf Coast filed for bankruptcy in the United States Bankruptcy Court of the District of Delaware.  Compl. ¶ 12; see also In re Gulf Coast Health Care, LLC, No. 21-11336.  Plaintiff claims that, at the time of Gulf Coast's bankruptcy filing, defendant had issued invoices to Gulf Coast for approximately $628,000 in unpaid legal fees and disbursements.  Compl. ¶ 14.  In its bankruptcy filing, Gulf Coast identified defendant as an unsecured creditor as a result of the outstanding invoices.  Compl. ¶ 16.

**B. Procedural History**

Defendant removed this case to federal court on March 24, 2022, alleging two bases for removal.  ECF 1.  First, defendant alleges that the federal diversity jurisdiction statute, 28 U.S.C. § 1332, confers subject matter jurisdiction because the amount in controversy exceeds $75,000 and the parties are completely diverse.  Id. ¶ 6.  In its notice of removal, defendant states

that it is a citizen of Florida and that none of plaintiff's members are citizens of Florida.  Id. ¶¶ 12-16, 18-20.  Second, defendant alleges that there is subject matter jurisdiction on the basis of "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b) because the outcome of this case might have a conceivable effect on Gulf Coast's bankruptcy estate.  Id. ¶¶ 21-22 (citing Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 576 (2d Cir. 2011)).

On March 31, 2022, defendant submitted a letter pursuant to this Court's Individual Rule 2(B) seeking permission to file a motion to transfer the case to the Southern District of Florida. ECF 4.  In response, plaintiff alleged, in part, that defendant's request was premature because plaintiff intended to file a motion to remand the case to the New York State Supreme Court, New York County.  ECF 7.  On April 7, 2022, we instructed plaintiff to make its motion to remand forthwith because, if granted, defendant's application to transfer would be moot.  ECF 8.

On April 14, 2022, plaintiff filed a statement of omitted information to allegedly "correct the misstatements contained in the Notice of Removal."  ECF 10 at 1.  In its statement, plaintiff alleges that it "is owned and controlled by four members, including among them, the Schwartzberg Descendants Trust, a traditional trust," whose "trustees . . . . are Albert and Florence Schwartzberg, both Florida residents," and is therefore a citizen of Florida.

3

Id. ¶¶ 6, 9; see also Memorandum of Law in Support of Motion to Remand ("Mot."), ECF 12, at 2.  Plaintiff attached as an exhibit a signed declaration from Florence Schwartzberg, which contains a single sentence declaring that Albert and Florence Schwartzberg "are legal residents of the State of Florida, maintaining [their] primary and permanent home in Boca Raton, Florida."  Schwartzberg Decl., ECF 10-1 ¶¶ 4-5.  Thereafter, on April 25, 2022, plaintiff moved to remand the case to the New York State Supreme Court, New York County, and for an award of attorneys' fees and costs incurred as a result of the removal.  ECF 11, 12.

Defendant filed an opposition to plaintiff's motion to remand on May 9, 2022.  See Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Opp."), ECF 14.  Challenging the sufficiency of Florence Schwartzberg's declaration, defendant attached exhibits which defendant alleges shows that the Schwartzberg Descendants Trust is not a citizen of Florida, including: (i) an annual report plaintiff filed with the New York Secretary of State, providing that plaintiff maintains an office in New York, ECF 16-5; (ii) jurisdictional briefs filed by the Schwartzberg Descendants Trust in 2012 and 2013 in cases before Florida courts in which it argued that it is not a resident of Florida, ECF 16-6 at 1; (iii) a 2010 declaration, signed by Albert Schwartzberg, using his New York State license as identification, which states that the Schwartzberg Descendants Trust was created and registered in New

4

York and does not do business in, maintain an office in, employ any person in, or have an agent for service of process in Florida, ECF 16-7 ¶¶ 1-7; (iv) a 2011 protective order from a Florida state court, ordering that Albert Schwartzberg's deposition "is not required to take place in Florida but should be taken in the county of his residence," ECF 16-8 at 1-2; and (v) public records allegedly showing that Albert and Florence Schwartzberg maintain a home in Scarsdale, New York, ECF 16-9.   In addition, James Morrison, a partner at QPWB, declared in a signed declaration that at the time of the removal, "based on the Firm's nine-year relationship representing the plaintiff and its affiliates, as well as knowledge gained from reviewing plaintiff's entity documents and review of various public filings, the Firm believed in good faith that plaintiff's member, the trustees of the Schwartzberg Descendants Trust, were not Florida residents." Morrison Decl., ECF 16 ¶ 15.

Plaintiff filed a reply in support of its motion to remand on May 16, 2022.  See Plaintiff's Reply Memorandum of Law in Further Support of Motion to Remand ("Reply"), ECF 18.  On August 11, 2022, plaintiff filed a letter advising the Court that "Gulf Coast's bankruptcy plan . . . confirmed on June 27, 2022, became effective as of August 5, 2022."  ECF 19 at 1-2.  Defendant responded to

plaintiff's letter on August 16, 2022, ECF 20, and plaintiff replied on August 17, 2022, ECF 21.[1]

After reviewing the parties' submissions, on September 19, 2022, we directed plaintiff to submit a "supplemental affidavit from Albert or Florence Schwartzberg with hard evidence, which shows: (i) when Albert and Florence Schwartzberg established citizenship in Florida, (ii) that Albert and Florence Schwartzberg were citizens of Florida at the time the action was commenced, and (iii) that Albert and Florence Schwartzberg were citizens of Florida at the time the action was removed." ECF 22.

On September 29, 2022, plaintiff filed a supplemental declaration of Florence Schwartzberg, in which Ms. Schwartzberg states, in part: "Until 2004, my husband and I resided in Scarsdale, New York. At that time, my husband and I purchased our current home in Boca Raton, Florida . . . . Since approximately 2010 to the present, our Florida Home has been our primary residence . . . we no longer own our former home in Scarsdale, New

---

[1] Defendant also filed a separate "complaint against Plaintiff in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, seeking payment in full directly from plaintiff for all outstanding amounts owed for legal services rendered and costs incurred under the Retainer Agreement" on April 20, 2022. Morrison Decl., ECF 16 ¶ 43; see also Quintairos, Prieto, Wood & Boyer, P.A., v. Health Care Navigator, LLC a/k/a HC Navigator, LLC, No. 2022-007345-CA-01 (Fla. Cir. Ct.). In their complaint, defendant alleges that plaintiff owes defendant "a combined total of at least approximately $928,989.28 for legal services." ECF 16-12 ¶ 22. That case has been stayed, pending resolution of plaintiff's motion to remand and defendant's anticipated motion to transfer in this Court. See Order, Quintairos, Prieto, Wood & Boyer, P.A., No. 2022-007345-CA-01, ECF 25 (June 24, 2022).

York.  For more than a decade, my husband and I have filed our taxes as legal residents of Florida . . . . I have been registered to vote in Palm Beach County, Florida since 2010 . . . . when the above-captioned action was filed on March 2, 2022 and later removed to this Court, my husband and I were residents of Florida to the present and continuing."  ECF 23-1 ¶¶ 5-10.  Ms. Schwartzberg attached as exhibits: (i) the title insurance policy, dated January 23, 2004, for the Schwartzberg's Florida home; (ii) the Schwartzberg's 2020 federal tax return; (iii) the Schwartzberg's 2021 Real Estate Property Tax Bill for their Florida home; and (iv) Florence Schwartzberg's voter registration information.  See ECF 23-1.

## LEGAL STANDARD

A defendant may remove a civil action from state to federal court "only if [the case] could have originally been commenced in federal court."  Allstate Ins. Co. v. Ace Sec. Corp., No. 11 Civ. 1914 (LBS), 2011 WL 3628852, at *3 (S.D.N.Y. Aug. 17, 2011); see also 28 U.S.C. § 1441(a).  "If a case is removed and a federal district court determines that it lacks jurisdiction over the matter, it must be remanded."  Allstate Ins. Co. v. CitiMortgage, Inc., No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *2 (S.D.N.Y. Mar. 13, 2012).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of

7

demonstrating that removal was proper." Hodges v. Demchuk, 866 F.Supp. 730, 732 (S.D.N.Y. 1994); see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994). In light of this burden and the limited jurisdiction of federal courts, we must "resolv[e] any doubts against removability." Purdue Pharma L .P. v. Kentucky, 704 F.3d 208, 213 (2d Cir.2013); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir.2007); see also Zerafa v. Montefiore Hosp. Hous. Co., Inc., 403 F.Supp.2d 320, 324 (S.D.N.Y. 2005) ("Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum.").

## DISCUSSION

We find that neither diversity jurisdiction nor "related to" jurisdiction is present here, and therefore grant plaintiff's motion to remand.  Plaintiff's request for attorneys' fees and costs incurred as a result of removal is, however, denied.

### A. Diversity Jurisdiction

Defendant first argues that we have diversity jurisdiction over this action.  Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over cases "between citizens of different States" where the amount in controversy exceeds $75,000.  "[It is] the general rule where removal is

premised on diversity jurisdiction, that complete diversity must exist both at the time the action is commenced <u>and</u> at the time of removal." <u>Rosa v. Charitable Trucking Co.</u>, No. 21-CV-3153 (KNF), 2021 WL 3774312, at *3 (S.D.N.Y. Aug. 24, 2021) (citing <u>Kinney v. Columbia Savings & Loan Assoc.</u>, 191 U.S. 78 (1903)) (emphasis in original).

The parties agree that defendant is a citizen of Florida, <u>see</u> Compl. ¶ 5, ECF 1 ¶ 12, but disagree on the citizenship of plaintiff. As a limited liability company, plaintiff "takes the citizenship of each of its members." <u>Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC</u>, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiff has four members, but only the citizenship of one of those members, the Schwartzberg Descendants Trust, is disputed as defendants concede that plaintiff's other members are not citizens of Florida. ECF 23-1 ¶ 2; Opp. at 16. The citizenship of the Schwartzberg Descendants Trust, a traditional trust, is based on the citizenship of its trustees, Albert and Florence Schwartzberg. <u>See</u> <u>Thales Alenia Space Fr. v. Thermo Funding Co., LLC</u>, 989 F. Supp. 2d 287, 291 (S.D.N.Y. 2013).

Having reviewed Florence Schwartzberg's supplemental declaration and supporting exhibits, we are satisfied that the Schwartzbergs were citizens of Florida at both the time this action was filed and at the time of removal. ECF 23-1; <u>see also</u> <u>Hatfill v. Foster</u>, 415 F. Supp. 2d 353, 365 (S.D.N.Y. 2006) (providing

that evidence of a party's domicile includes ownership of property, payment of state taxes, and voter registration).   The evidence submitted by defendant only suggests that the Schwartzbergs may have previously been citizens of another state.  See ECF 16-1-16-12.  We therefore determine that plaintiff is a citizen of Florida, and that the parties are not completely diverse.  Removal may not be predicated on diversity jurisdiction.

### B. "Related To" Jurisdiction

In the alternative, defendant argues that subject matter jurisdiction exists on the basis that the action is "related to" Gulf Coast's bankruptcy proceeding.  See 28 U.S.C. §§ 1334(b), 1452. "For the purposes of removal jurisdiction, a civil proceeding is 'related to' a [bankruptcy] case if the action's 'outcome might have any 'conceivable effect' on the bankrupt estate.'" Parmalat Cap. Fin. Ltd., 639 F.3d at 579.  "Conceivable effects typically manifest themselves by altering the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors." Allstate Ins. Co., 2012 WL 967582, at *4.

Defendant argues that "[t]he outstanding legal fees at issue were jointly and/or severally incurred by the Debtor and Plaintiff pursuant to the Retainer Agreement," and that "the outcome of this action will directly dictate whether and to what extent the Firm, as an unsecured creditor in the Bankruptcy Proceeding can, and

10

needs to, recover from Gulf Coast's bankruptcy estate."[2]  Opp. at 13.  Defendant is wrong.  Regardless of whether or not plaintiff's request for a declaratory judgment is ultimately granted, defendant will still have the same claim for legal fees against Gulf Coast in the bankruptcy estate.  Compl. ¶ 16.  In other words, whether or not defendant can later seek fees from plaintiff that are not paid through the Gulf Coast bankruptcy estate has no conceivable effect on the bankruptcy estate.  Thus, "related to" jurisdiction does not exist.[3]

### C. Attorneys' Fees and Costs

Plaintiff requests that the Court order defendant to pay its attorneys' fees and costs incurred by the removal of this action from state court, which the Court is permitted to do under 28 U.S.C. § 1447(c).  See Mot. at 10-12.  However, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Williams v. Int'l Gun-A-Rama, 416

---

[2] In support of this argument, defendant cites several inapposite cases, where the action "related to" a bankruptcy proceeding could have resulted in additional liabilities for the bankruptcy estate that had not already been accounted for in the initial distribution of assets.  See e.g., SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 340-341 (2d Cir. 2018); Am. Intern. Group, Inc. v. Bank of Am. Corp., 2011 WL 6778473, at *5 (S.D.N.Y. Dec. 20, 2011); Merrill Lynch Mortg. Capital Inc. v. Esmerian, 2008 WL 2596369, at *1 (S.D.N.Y. June 30, 2008).

[3] In a post-briefing letter, plaintiff updated the Court that a liquidation plan had been filed in the bankruptcy action and argued that the existence of that liquidation plan makes the standard for "related to" jurisdiction more difficult to meet.  ECF 19.  In response, defendant argued that the Court may not consider the liquidation plan, which was issued after removal.  ECF 20. Given defendant cannot meet the "conceivable effect" test, the Court need not resolve this dispute.

F. App'x 97, 99 (2d Cir. 2011) (citing <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005)). In practice, if "lack of jurisdiction was not obvious from the face of the removal petition, no unusual circumstances exist here, [] the Court cannot conclude that defendants lacked an objectively reasonable basis for seeking removal." <u>Albstein v. Six Flags Entm't Corp.</u>, No. 10 Civ. 5840, 2010 WL 4371433 (S.D.N.Y. Nov. 4, 2010); <u>accord</u> <u>Sherman v. A.J. Pegno Constr. Corp</u>., 528 F.Supp.2d 320, 331 (S.D.N.Y. 2007).

Here, we cannot conclude that defendant's removal effort was so objectively unreasonable as to support an award of attorney's fees and costs. Evidence submitted by defendant shows that over the course of defendant's longstanding relationship with plaintiff, defendant understood that the Schwartzbergs were not citizens of Florida. <u>See</u> ECF 16-1-16-12. Furthermore, plaintiff did not specify the citizenship of its members in its complaint to put defendant on notice of the Schwartzbergs' current citizenship. Compl. ¶ 4. The declaration of Florence Schwartzberg that was attached to plaintiff's statement of omitted information was also unsupported. ECF 10-1, 22. As such, plaintiff's request for attorneys' fees and costs is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is granted and plaintiff's request for attorneys' fees and costs is denied. The Clerk of Court is respectfully directed to terminate

the motion pending at ECF 11 and to remand the case to the New York State Supreme Court, New York County.

**SO ORDERED.**

Dated:    New York, New York
          November 15, 2022

                                      _____
                                      NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE